[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This limited contested dissolution of marriage action was heard on January 23, 2002. The parties were married on June 17, 1989 and the court finds the allegations in the complaint to be true; the marriage is ordered dissolved on the grounds of irretrievable breakdown.
The plaintiff wife is 40 years of age and enjoys good health. She has a college degree and she has worked for the last thirteen years at the Bayer Corporation where she is presently employed as a research scientist. She presently earns approximately $87,000 per year and the average of her income for years 1999, 2000, and 2001 was approximately $77,600. The following assets, as shown on her financial affidavit, are titled in her name alone: a 1998 automobile valued at $12,000, cash value of $9,185 on a life insurance policy, a 401K plan in the amount of $187,440, two Roth IRAs in the total amount of $7,229, and a TIAA-CREF account in the amount of $40,830.
Her pension at Bayer, by present valuation, will pay her approximately $700 a month when she reaches the age of 65.
The defendant husband is 39 years of age and is a high school graduate. He is employed as a mail carrier for the United States Postal CT Page 1546 Service and has 15 years of service. He appears to be in good health, although, he has taken medication for anxiety. In 2001 his income was $54,392 and his average income for years 1999, 2000, and 2001 was $52,044. The following assets are titled in his own name: a 1995 truck valued at $8,000, a stock club account valued at $528, cash value of $2,604 in a life insurance policy, a Thrift savings plan in the amount of $125,151, and a Roth IRA in the amount of $7,338.
The defendant and his brother, own a Charles Swab account; the defendant's share of the account is $50,750. The money in this account came from the defendant's parents who are in poor health. This account is part of the marital estate, however, the court finds that it is in the nature of a custodial account for the benefit of the defendant's parents. After considering the provisions of General Statutes § 46b-81, the court concludes that the defendant should retain this account without adjustment to the plaintiff.
The defendant has a pension with the Postal Service which, by present valuation, will pay him approximately $500 per month when he reaches the age of 65. The defendant also has a grievance claim against the Postal Service of undetermined value.
The parties have the following jointly owned assets: a New Haven Savings account in the amount of $14,203, a New Haven checking account in the amount of $254, an Ameritrade account in the amount of $86,496, a Dean Witter account in the amount of $29,095, and a Janus account in the amount of $7,114.
The parties jointly own the marital home located at 32 Ezra Street, North Haven, Connecticut. Based upon appraisal testimony, the court finds this property has a value of $192,000. The parties agree it is encumbered by a mortgage in the amount of $43,671 resulting in equity of $148,329.
From the evidence, the court concludes that neither party should be assessed fault for the breakdown of their marriage.
After considering the age of the parties, their respective pension benefits, and the distribution of assets herein, the court declines to make any assignment of one party's pension benefits to the other.
Applying the criteria contained in General Statutes § 46b-82, the court concludes that neither party should receive an award of alimony.
The parties are to be commended for their ability to accumulate a substantial amount of assets. These assets include $11,500 in the plaintiff's TIAA-CREF account which she accumulated prior to the CT Page 1547 marriage, and approximately $30,000 which the defendant received from a settlement of an accident case. The plaintiff's average income, over the last three years, is substantially higher than the defendant's average income for the same period. The court concludes that the plaintiff will have a greater opportunity for the future acquisition of capital assets and income than the defendant will have. This conclusion, and consideration of the factors contained in § 46b-81, persuades the court to award a greater share of the assets accumulated by the parties to the defendant.
The court concludes that it is fair and equitable for the plaintiff to receive 45 per cent, and the defendant to receive 55 per cent, of the assets accumulated by the parties. The court also concludes that the defendant should retain ownership of the marital home, however, to effectuate the ordered allocation of assets the defendant is to pay the plaintiff $25,000.
 ORDERS
(1) The marriage of the parties is dissolved on the grounds of irretrievable breakdown.
(2) The agreement regarding personal property dated January 23, 2002 is made an order of the court and incorporated by reference.
(3) The plaintiff's wife shall retain the following items of personal property: Her 1998 Nissan Pathfinder, her SBLI Life Insurance Policy having a cash value of $9,185, her 401K Vanguard account in the amount of $187,440, and her two Roth IRAs totaling $7,229.
(4) The plaintiff is ordered to transfer to the defendant, by qualified domestic relations order (QDRO), the TIAA-CREF account which had a balance on the date of dissolution $40,830. It is the court's intention that any appreciation or decline in value be accepted by the defendant. The parties are to equally share the cost of said QDRO.
(5) The defendant is to retain his 1995 Nissan pickup, his Charles Schwab account in the amount of $50,750, his ACQB account in the amount of $528, and his Surety Life Insurance Policy having a cash value of $2,604, his Thrift Savings Plan in the amount of $125,151, his claim against the United States Postal Service, and his Roth IRA in the amount of $7,338.
(6) The parties are each to receive one-half of the following assets The New Haven Savings Bank account in the amount of $14,203, New Haven Savings Bank checking account in the amount of $254, Ameritrade account CT Page 1548 in the amount of $86,496, Dean Witter account in the amount of $29,095, and Janus account in the amount of $7,114. If the assets divided under this order contain stock, the parties may agree on the manner of the division of the stock. In the event they are unable to reach an agreement, they are ordered to divide each of the individual stock holdings so that they each receive an equal amount of stock. It is the intent of this order that, in the absence of an agreement regarding distribution, each party should receive an equal number of shares of each stock or mutual fund.
(7) The plaintiff is ordered to convey to the defendant her interest in the marital home located at 32 Ezra Street, North Haven, Connecticut within 90 days. Simultaneous with said transfer the defendant shall pay to the plaintiff the sum of $25,000. The defendant is ordered to use his best efforts to refinance the existing mortgage upon the marital home so as to release the defendant from any liability thereon, within six months. In any event, the defendant is ordered to hold the plaintiff harmless for any liability arising out of said mortgage.
(8) The plaintiff shall be permitted to occupy the marital home until she receives the $25,000 payment from the defendant ordered above. Until such time as the plaintiff vacates the marital home, the parties are to equally contribute to the payment of the mortgage and the household expenses.
(9) The parties are to file a joint tax return for 2001. The parties shall equally divide any refund received from their joint federal and state tax returns for the year 2001. If it is determined that any tax, interest penalty, or any other charges is due for any year in which the parties have filed a joint return, the party whose erroneous reporting of his or her income, deductions or other matters resulted in the tax, interest, penalty or charge, shall be solely responsible for payment of same, and shall hold the other party harmless in connection therewith.
(10) No further charges shall be made on the Chase Shell Mastercard subsequent to January 23, 2002. The parties shall each pay one-half of the total owed on said credit card and terminate the credit card account.
(11) Each party shall pay his or her own debts shown on their affidavit and hold the other party harmless in connection therewith.
(12) The plaintiff's maiden name of Lizbel Gallagher is restored to her.
Domnarski, J. CT Page 1549